UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Route Consultants, Inc., et al.,

    Plaintiffs

v.

E3 NV, LLC, et al.,

    Defendants

Case No. 2:23-cv-01703-CDS-EJY

**Order Granting Blockleaf's Motion for Partial Summary Judgment and Denying Other Pending Motions**

[ECF Nos. 39, 40, 43, 44]

    This is a breach of contract, fraudulent misrepresentations, and related claims action brought by plaintiffs Route Consultant, Inc., Crypto Quo, LLC, and Blockleaf LLC, against defendants E3 NV, LLC, and William Murdock. The plaintiffs allege that they contracted with the defendants to create a digital currency mining system as part of a joint venture, but the defendants failed to hold up their end of the bargain. The plaintiffs filed motions for partial summary judgment. Pls.' mots., ECF Nos. 39, 40. The defendants oppose the motions. Defs.' opp'ns, ECF Nos. 41, 42. The defendants also filed a motion for partial summary judgment. Defs.' mots., ECF No. 43. The plaintiffs oppose that motion. Pls.' opp'ns, ECF Nos. 48, 49. Route Consultants and Crypto Quo also move to strike the defendants' motion for partial summary judgment as untimely. Mot. strike, ECF No. 44.[1] The motions are now fully briefed. Replies, ECF Nos. 45, 46, 50, 51. For the following reasons, I grant Blockleaf's motion for partial summary judgment but deny the other pending motions.

I.    **Background**

    Around early 2022, the plaintiffs formed a joint venture with one another to invest in the digital mining arena. Am. compl., ECF No. 23 at ¶¶ 11–12. Plaintiff Route Consultant, Inc. is a Tennessee corporation. *Id.* at ¶ 2. Plaintiff Crypto Quo, LLC, is a Tennessee company with no

---

[1] Blockleaf moves to join this motion to strike. Joinder, ECF No. 47. Defendants did not file an opposition to Blockleaf's motion. Blockleaf's motion for joinder is granted.

Nevada-domiciled members. *Id.* at ¶ 3. And plaintiff Blockleaf is a Wyoming LLC whose principal place of business is in Virginia. *Id.* at ¶ 4.

As part of their joint venture, the plaintiffs bought a container immersion mining system. The system had three tanks—one owned by Blockleaf, two owned by Route. The plaintiffs bought the system from defendant E3 NV, LLC, an immersion cooling company registered in Nevada and owned by defendant William Murdock. *Id.* at ¶¶ 1, 11–13. The defendants allegedly represented to the plaintiffs that the system would be "fully built" and "plug and play." *Id.* at ¶ 14. Based on the defendants' representations, the parties allegedly executed two agreements to buy the three-tank system: first, on March 7, 2022, for one tank ("First Contract"); second, on May 21, 2022, for two tanks ("Second Contract"). *Id.* at ¶¶ 18, 25–26. In total, the plaintiffs paid $1,311,000.00 for the three-tank system. *Id.* at ¶ 32; Patton's decl., Pls.' Ex. 1, ECF No. 40-1 at 3; Confirmation of Wire Payment, Pls.' Ex. 3, ECF No. 40-3; Murdock dep., Pls.' Ex. 4, ECF No. 40-4.

The defendants allegedly breached their contracts with the plaintiffs by failing to complete construction of the system. ECF No. 23 at ¶ 33–39. They also allegedly retained nine of Blockleaf's mining rigs wrongfully, the value of which being approximately $55,000. *Id.* at ¶¶ 41–45. The plaintiffs further allege that E3 is Murdock's alter ego, as Murdock has sole ownership of and controlling authority for E3. *Id.* at ¶¶ 46–51.

Based on these allegations, the plaintiffs assert seven claims against the defendants: (1) breach of contract; (2) fraud/misrepresentation; (3) unjust enrichment; (4) declaratory relief; (5) violations of Nevada Deceptive Trade Practices Act; (6) rescission; (7) conversion. *See generally* ECF No. 23. As for relief, the plaintiffs seek a refund of approximately $1,311,000.00 for all monies paid to E3, actual damages for their reliance on the "plug and play" system, lost profits, contract rescission, punitive damages, and attorney's fees and costs. *Id.*

This court issued an order setting the deadline for dispositive motions for March 31, 2025. *See* Order, ECF No. 32. On that date, Blockleaf filed a motion for partial summary judgment (MPSJ) on the breach of contract claim, and Route and Crypto Quo filed a MPSJ on the unjust enrichment claim. *See* Blockleaf MPSJ, ECF No. 39; Route & Crypto Quo MPSJ, ECF No. 40.

On April 21, 2025—twenty days after the dispositive motions filing deadline passed—the defendants filed a MPSJ on the claims for breach of contract, fraud/intentional misrepresentation, declaratory relief, violation of the Nevada Deceptive Trade Practices Act, and recission. ECF No. 43. Route and Crypto Quo moved to strike the untimely MPSJ or, alternatively, request a briefing schedule to ensure that there is sufficient time to respond to it. ECF No. 44. That motion to strike is fully briefed. *See* Opp'n, ECF No. 49; Reply, ECF No. 51. Also, on May 12th, Blockleaf filed an opposition to the defendants' MPSJ. *See* Opp'n, ECF No. 48. The defendants replied to Blockleaf's opposition on May 23rd. *See* Reply, ECF No. 50.

**II.    Legal standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

Once the moving party satisfies Rule 56 by showing the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

III.     Discussion

      A.  **The motion to strike the defendants' motion for partial summary judgment is denied.**

The court-ordered deadline to file dispositive motions was March 31, 2025. *See* Order, ECF No. 32. Route, Crypto Quo, and Blockleaf filed MPSJs on that date. *See* ECF Nos. 39, 40.[2] But the defendants did not file their MPSJ until April 21, 2025—i.e., twenty days late. *See* ECF No. 43. In turn, Route and Crypto Quo moved to strike the defendants' MPSJ due to its untimeliness or, alternatively, for an order setting a briefing schedule. ECF No. 44. Then, Blockleaf joined the motion to strike (ECF No. 47) and responded in opposition to the defendants' MPSJ (ECF No. 48). Finally, the defendants responded in opposition to Route's motion to strike (ECF No. 49) and replied to Blockleaf's opposition to their MPSJ (ECF No. 50).

      The court may strike a pleading that does not conform to the relevant local or federal rules. *See* LR IA 10-1. "Unless the court orders otherwise, the time for filing a motion for summary judgment is governed by Fed. R. Civ. P. 56(b)." LR 7-2(b). Parties may request to extend that deadline by filing a motion or stipulation, per Local Rule 26-3.

      Here, the defendants filed their MPSJ twenty days late—without requesting an extension or explaining the reason for the delay. In opposition to the motion to strike, the defendants contend that their untimely filing neither prejudiced the plaintiffs nor caused unnecessary delay. *See* ECF No. 49. In doing so, the defendants use Blockleaf's vigilance to cast Route and Crypto Quo as the ones responsible for any unnecessary delays. *Id.* And they point to the court's management of the docket to justify disregarding the scheduling order. *Id.*

---

[2] Blockleaf's reply violates Local Rule IA 10-1(b) (requiring that documents be filed in searchable PDF, not merely scanned). I remind Blockleaf, and the parties, that the court may strike any document, including ECF No. 45, that fails to comply with LR IA 10-1(b) or any other relevant rule. *See* LR IA 10-1(d) ("The court may strike any document that does not conform to an applicable provision of these rules or any Federal Rule of Civil or Criminal Procedure.").

4

Courts do not share the defendants' relaxed attitude toward deadlines and scheduling orders. Indeed, the Ninth Circuit has emphasized that "[a] scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quotation omitted). And it has clarified that a "district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the [case's] merits." *Id.* "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.*; *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (recognizing that "deadlines are [to be] taken seriously by the parties, and the best way to encourage that is to enforce the deadlines"); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (noting that scheduling orders must "be taken seriously"). This case is an example of why scheduling order are important: The court's need to address defendants' untimely motion contributes to delays in the court resolving other pending motions by having to resolve this motion to strike.

However, the defendants' attack to standing—which they set forth in their late MPSJ—fogs what would otherwise be clear grounds to strike their MPSJ for untimeliness. This is because "federal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The court's duty to examine standing applies to every case, as federal subject matter jurisdiction cannot exist in cases where standing is not present. *See Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). Absent standing, the court lacks subject matter jurisdiction over the case and must therefore dismiss it. *Id.*; *see also* U.S. Const. art. III, § 1.

Here, considering the unique circumstances, I decline to strike the defendants' MPSJ. But I do not do so for the reasons set forth in the defendants' opposition to the motion to strike. Rather, I do so because the defendants' MPSJ rests on an attack to standing—a jurisdictional

issue that this court is required to examine in every case. Stated otherwise, striking the defendants' MPSJ does not strike this court's duty to examine whether standing is present in this case. The only difference is that the examination would be done sua sponte, without considering the parties' arguments on the matter. Thus, while I do not condone the defendants' late filing or agree with their arguments, I find that striking their MPSJ would be futile. So, too, would ordering a briefing schedule, as I ultimately deny their MPSJ. In sum, I deny the motion to strike and decline to order a briefing schedule on the defendants' MPSJ.

### B. The defendants' motion for partial summary judgment is denied.

The defendants move for partial summary judgment on the claims for (1) breach of contract, (2) fraud/misrepresentation, (3) declaratory relief, (4) violation of the Deceptive Trade Practices Act, and (5) recission. For these five claims, the defendants argue that the plaintiffs lack standing because they are not parties in interest to the contracts. I disagree.

"Any inanimate entity," such as a limited liability company, "must act through a human intermediary." *Church of Scientology of Cal. v. U.S. Dep't of Justice*, 612 F.2d 417, 427 (9th Cir. 1979).[3] In the context of contracts, "[f]ailure of the officer signing a contract to add their title of office is not ordinarily fatal to the validity of a corporate contract." *Trident Const. Corp. v. W. Elec., Inc.*, 776 P.2d 1239, 1242 (Nev. 1989) (holding that a corporate officer who signed a contract in his individual name is not personally liable where the circumstances, taken with the contract's subject matter and the parties' acts, show an intent to make a corporate contract).

Here, Blockleaf is a party to the contracts because Leonard signed them on Blockleaf's behalf—i.e., as a human intermediary of the LLC. This is so, despite the omission of Leonard's title of office with Blockleaf from the contracts, given the totality of circumstances. At the time

---

[3] *See, e.g.*, *Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 348 (1985) (explaining that a corporation "cannot speak directly to its lawyers" or "waive the privilege when disclosure is in its best interest," so "each of these actions must necessarily be undertaken by individuals empowered to act on behalf of the corporation"); *Palmer v. Pioneer Inn Assocs., Ltd.*, 59 P.3d 1237, 1240 (Nev. 2002) (noting that organizational parties "must act through their directors and employees"); *Smith's Food & Drug Centers, Inc. v. Bellegarde*, 958 P.2d 1208, 1212 (Nev. 1998) ("It is well settled that a corporation can act only through its agents.").

of contracting, Leonard was Blockleaf's CEO. *See* Leonard's decl., Blockleaf's Ex. 1, ECF No. 39-1. In E3's responses to Blockleaf's first set of requests for admission, it "[a]dmit[s] that E3 entered two contracts with Blockleaf." ECF No. 39-5 at 3. Throughout its admissions, E3 refers to the contracting party as Blockleaf—not Leonard. *See generally* ECF No. 39-5.

Further, in Leonard's communications with the defendants, he included his title as "CEO, Blockleaf LLC" in his email signature. *See, e.g.*, Blockleaf's Ex. 8-1, ECF No. 45-2 at 2; Blockleaf's Ex. 8-5, ECF No. 45-6. The defendants have also expressly recognized that Leonard is "the principal and person most knowledgeable for B[lockLeaf],"[4] and that they knew that Leonard had an ownership interest in Blockleaf at the time of contracting. Additionally, the contracts' subject matter supports a finding that Leonard was signing them on Blockleaf's behalf rather than personally. *See* Defs.' Ex. 2, ECF No. 39-5; ECF No. 39-1 at 3–4. This much is bolstered by the fact that the defendants billed Blockleaf directly for their services under the contracts. *See, e.g.*, ECF No. 39-5; ECF No. 39-1 at 3–4. Thus, Blockleaf is a party to the contracts and has standing to enforce their terms.

Even if Leonard signed the contracts in a personal capacity, Blockleaf would still have standing as an intended third-party beneficiary to them. "Generally, an intended third-party beneficiary is bound by the terms of a contract even if [they are] not a signatory." *Canfora v. Coast Hotels & Casinos, Inc.*, 121 P.3d 599, 604–05 (Nev. 2005). "Whether an individual is an intended third-party beneficiary, however, depends on the parties' intent, 'gleaned from reading the contract as a whole in light of the circumstances under which it was entered.'" *Id.* (quotation omitted). "To assert standing as a third-party beneficiary to a contract, a plaintiff must show (1) a clear intent to benefit the third party, and (2) the third party's foreseeable reliance on the agreement." *Boesiger v. Desert Appraisals, LLC*, 444 P.3d 436, 441 (Nev. 2019).

---

[4] ECF No. 42 at 5.

Here, Blockleaf has standing based on a third-party beneficiary theory because the undisputed evidence shows that the contracts were intended to benefit Blockleaf and that Blockleaf foreseeably relied on them. The system was delivered to and remains upon Blockleaf's Virginia property. *See* ECF No. 39-1 at 4. The defendants admit that E3's delivery of the system was made pursuant to Blockleaf's request and that Blockleaf paid for it. ECF No. 39-5 at 5–6; Blockleaf's Ex. 8-1, ECF No. 45-2 at 4 (billing Blockleaf); Blockleaf's Ex. 8-2, ECF No. 45-2 at 2 (same). And Leonard included his title as Blockleaf's CEO in his email signature when discussing the transactions with the defendants. *See, e.g.*, ECF No. 45-2 at 2; ECF No. 45-6. Thus, even if Leonard signed the contracts in his personal capacity, Blockleaf is still a party to them as an intended third-party beneficiary.

For these reasons, Blockleaf has standing to the claims that the defendants seek summary judgment on. The same is true for Route and Crypto Quo, as the contracts were entered as part of Blockleaf's joint venture with them. *See Pathland Dev. Corp. v. William Peccole 1982 Tr.*, 877 P.2d 1036, 1038 (Nev. 1994); *Radaker v. Scott*, 855 P.2d 1037, 1040–41 (Nev. 1993). Therefore, I deny the defendants' MPSJ in full.

### C. Blockleaf's motion for partial summary judgment on the breach of contract claim is granted.

Blockleaf argues that it is entitled to summary judgment on the breach of contract because there is no genuine issue as to any material fact. *See* ECF No. 39 at 16–18. To prevail on a breach of contract claim under Nevada law, the plaintiff must show (1) the contract's existence, (2) the plaintiff's performance, (3) the defendant's breach, and (4) the breach's resulting damages. *See Iliescu v. Reg'l Transp. Comm'n of Washoe Cnty.*, 522 P.3d 453, 458 (Nev. App. 2022). "Whether a party has breached a contract and whether the breach is material are questions of fact." *L.V. Sands, LLC v. Nehme*, 632 F.3d 526, 536 (9th Cir. 2011).

Here, the parties do not dispute that the contracts exist. *See* Ex. 1-1, ECF No. 39-1 (First Contract); Ex. 1-2, ECF No. 39-2 (Second Contract). Nor do they dispute that the plaintiffs fully paid E3 under the contracts. *See* Blockleaf's Ex. 6, ECF No. 39-9; Blockleaf's Ex. 7, ECF No. 39-10; Leonard's dep., Defs.' Ex. C, ECF No. 42-4 at 47; Murdock's July 5, 2022 email, Blockleaf's Ex. 8-1 at 2. Finally, the parties do not dispute that the defendants did not fully perform under the contracts. *See* ECF no. 39 at 5–17; ECF No. 42 at 3–7; Murdock's decl., ECF No. 42-1; Leonard's dep., Defs.' Ex. C, ECF No. 42-4 at 119–29; Leonard's decl., Blockleaf's Ex. 1, ECF No. 39-1 (showing that the defendants provided broken tank lids); E3 NV's responses to Blockleaf's reqs for admission, Blockleaf's Ex. 2, ECF No. 39-5 (showing that the defendant failed to provide fully operational system).

However, the defendants argue that their partial performance does not constitute breach because it was done at the plaintiffs' request. *See* ECF No. 42 at 4–6. To support their argument, the defendants cite to Murdock's own declaration. Murdock decl., ECF No. 42-1. They also cite to part of Leonard's deposition, where he stated that he would not be interested in the defendants "send[ing] somebody out there" to get the system "operational within 30 days" because he does not "trust Bill Murdock or the team at E3 to follow through on any promises." Leonard's dep., Defs.' Ex. C, ECF No. 42-4 at 61–62.

Under Ninth Circuit precedent, Murdock's declaration alone is insufficient to create a genuine dispute of material fact. *See Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996) (refusing "to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony" (quoting *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)). So, too, is Leonard's statement during his deposition, as it's merely a grievance which has no bearing on the contracts' enforceability. Leonard's statement shows neither that the defendants attempted to cure their breach nor that Blockleaf rejected such an attempt. Rather, Leonard's statement merely expresses his distrust toward the defendants due to their course of performance under the contracts. This does not equate to an enforceable modification to the

9

contracts. *See* NRS 104.2508 (requiring sellers to notify buyers of their intention to cure or substitute nonconforming tenders or deliveries within a reasonable time); NRS 104.2209 (requiring that contract modifications conform with the statute of frauds (NRS 104.2201) "if the contract as modified is within its provisions"). Because there is no evidence showing that the defendants complied with NRS 104.2508 or NRS 104.2209, there is no evidence of an enforceable modification to the contracts.

In sum, Blockleaf has shown that it is entitled to judgment as a matter of law on the breach of contract claim. And the defendants' self-serving declaration of Murdock, and misrepresentation of Leonard's deposition, are insufficient to show that there is a genuine issue of material fact. Therefore, I grant Blockleaf's MPSJ.

### D. Route's motion for partial summary judgment on the unjust enrichment claim is denied as moot.

Route moves for summary judgment on the unjust enrichment claim. To prevail on an unjust enrichment claim, the plaintiff must prove that (1) the plaintiff conferred a benefit on the defendants, which the defendants appreciated; and (2) the defendants accepted the benefit and retained it under circumstances making it inequitable to do so without paying the value thereof. *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012). However, "an unjust enrichment claim is not available when an express written contract exists." *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, the competing motions for summary judgment confirm that the parties do not dispute that they entered into the contracts, and thereafter, the defendants received $1,311,000.00 for the systems—$832,000.00 of which was paid by Route and Crypto Quo. *See* Patton's decl., Pls.' Ex. 1, ECF No. 40-1; Confirmation of Wire Payment, Pls.' Ex. 3, ECF No. 40-3; Murdock dep., Pls.' Ex. 4, ECF No. 40-4; Leonard's dep., ECF No. 42-4 at 117 (conceding that "[a]ll three tanks were delivered in the container"). The parties also do not dispute that the defendants did not deliver a completely operational system. *See* Patton's decl., Ex. 1, ECF No. 40

at ¶¶ 11–12; Murdock dep., Pls.' Ex. 4, ECF No. 40-4 at 7. Finally, the parties do not dispute that the defendants never refunded any portion of the payments made. *See* Patton's decl., Pls.' Ex. 1, ECF No. 40 at ¶ 13; Murdock dep., Pls.' Ex. 4, ECF No. 40-4 at 6. But because the transaction is governed by the contracts, the plaintiffs are not entitled to their unjust enrichment claim as a matter of law.

Because the contracts preclude the unjust enrichment claim, I deny Route Consultant's and Crypto Quo's motion for partial summary judgment as moot and sua sponte dismiss this claim without prejudice.

## IV. Conclusion

IT IS HEREBY ORDERED that Blockleaf's motion for partial summary judgment **[ECF No. 39] is granted.**

IT IS FURTHER ORDERED that Route Consultant's and Crypto Quo's motion for partial summary judgment **[ECF No. 40] is denied as moot.** The unjust enrichment claim is dismissed without prejudice.

IT IS FURTHER ORDERED that E3 NV and Murdock's motion for partial summary judgment **[ECF No. 43] is denied.**

IT IS FURTHER ORDERED that Route Consultant's and Crypto Quo's motion to strike **[ECF No. 44] is denied.**

The parties must appear for a status conference on December 22, 2025, at 10:30 a.m. in LV Courtroom 6B.

Dated: December 11, 2025

_____
Cristina D. Silva
United States District Judge